IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN, (TDCJ-CID #1541042) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-12-1984 |
| THE STATE OF TEXAS, et al., Defendants. | § § § § | |

## MEMORANDUM ON DISMISSAL

Gordon Kirk Kemppainen, a Texas Department of Criminal Justice inmate, sued in June 2012, alleging that he was denied proper housing, in violation of his civil rights. Kemppainen, proceeding *pro se* and *in forma pauperis,* sues the State of Texas and Texas Attorney General Greg Abbott. The threshold issue is whether Kemppainen's claims are barred by the three-strikes provision of 28 U.S.C. § 1915(g). Based on a review of the record and the applicable law, this court concludes that Kemppainen's claims are barred. This case is dismissed by separate order. The reasons are explained below.

### I. The Allegations in the Complaint

Kemppainen alleges that the defendants are not managing the prison system in accordance with the court decrees entered in *Ruiz v. Lynaugh,* 811 F.2d 856 (5th Cir. 1987). He alleges overcrowding and understaffing in various units. Specifically, he alleges that in some units, only one correctional officer is responsible for supervising forty to fifty inmates. Kemppainen also alleges that some of the older units have inadequate ventilation and plumbing; that the meals lack nutritional value and that they are served very early in the morning, contributing to sleep deprivation; and that

inmates are denied access to the courts. Kemppainen seeks the following injunctive relief: condemn all units that are unfit for habitation; release all prisoners; appoint a special prosecutor to hold the State of Texas in contempt of court; and order the Federal Bureau of Prisons to administer the Texas prison system. He also seeks unspecified punitive and compensatory damages.

## II. Analysis

A prisoner may not bring a civil action *in forma pauperis* in federal court if, while he was incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Kemppainen's litigation history reveals that before filing this action, he had at least three suits dismissed as frivolous. *Kemppainen v. State of Texas*, Civil Action Number 2:11-0071 (N.D. Tex.)(dismissed as frivolous on June 3, 2011); *Kemppainen v. State of Texas*, Civil Action Number 2:08-0351 (S.D. Tex.)(dismissed for failure to state a claim on November 26, 2008); and *Kemppainen v. Patrick*, Civil Action Number 2:03-0055 (S.D. Tex.)(dismissed for failure to state a claim on November 5, 2003).

In the present case, Kemppainen has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Accordingly, Kemppainen is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

## III. Conclusion

Kemppainen's motion to proceed as a pauper, (Docket Entry No. 2), is denied. The complaint filed by Gordon Kirk Kemppainen, (TDCJ-ID #1541042), is dismissed under 28 U.S.C.

§ 1915(g).[1] All pending motions are denied. Kemppainen is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on July 9, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's *in forma pauperis* appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.